CHARLES E. WHITEHEAD, EXECUTOR, ETC., OF ELIZA-
BETH GRANT, DECEASED, RESPONDENT, *v.* JAMES B.
SMITH, IMPLEADED WITH OTHERS, APPELLANT.

*Code of Civil Procedure, § 829 — what testimony inadmissible under.*

This action was brought upon a bond and mortgage executed by Caroline Smith
and William R. Smith, her husband, upon land belonging to the wife, to one
Coolidge, and by him assigned to plaintiff's testatrix. Judgment for any
deficiency that might arise was asked against W. R. Smith. Coolidge was
dead. Smith was offered as a witness to prove usury in the loan to Coolidge.
*Held,* that his testimony was inadmissible, under section 829 of the Code of Civil
Procedure.

APPEAL from a judgment of foreclosure and sale, entered upon the trial of this action by the court without a jury.

*J. T. Williams,* for the appellant.

*Charles E. Whitehead,* for the respondent.

BARNARD, P. J.:

Caroline Smith, wife of William R. Smith, owned certain premises upon which she, in connection with her husband, executed a mortgage to one William P. Coolidge to secure a loan. Coolidge assigned the mortgage to Mrs. Grant. Plaintiff is Mrs.

Grant's executor. Coolidge is also dead. William R. Smith signed the bond accompanying the mortgage to Coolidge. Upon the trial of the action for the foreclosure of the mortgage by Mrs. Grant's executor, William R. Smith is offered as a witness to prove usury in the loan by Coolidge. At the time of the trial the title to the property was held by James B. Smith, a son of William R. Smith. The evidence was rejected, and the question is whether, under section 829 of the Code of Civil Procedure, the ruling was erroneous. Under 399 of the Code as it stood before the adoption of the Code of Civil Procedure of 1877, it was well settled that the evidence offered was not admissible. No party to an action nor any person interested in the event thereof could be examined in regard to a personal transaction with a deceased person. The Legislature, by section 829 of the Code, as now in force, has enacted that "no party or person interested in the event can be examined in regard to such personal transaction with a deceased person in his own behalf or interest." The addition of these words does not permit the evidence. The complaint is against William R. Smith, and asks a judgment for a deficiency against him. When he by his evidence seeks to destroy the bond upon which he is liable, he strictly comes within the words of exclusion in this section; he is a party. He is a witness in his own behalf or interest. The transaction to be proven was a personal one between Coolidge and the witness, and Coolidge was dead at the time the testimony was offered.

Judgment affirmed, with costs.

GILBERT, J., concurred; DYKMAN, J., not setting.

Judgment affirmed, with costs.